JACK R. WILKERSON (SBN 68025)
Attorney at Law
3500 Orangewood Ave.
Orange, California 92868
(714) 917-6080; Fax (714) 459-7882
email: jwilkerson.esq@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND and BOARD OF TRUSTEES OF THE INTERNATIONAL TRAINING FUND<br><br>Plaintiffs,<br><br>vs.<br><br>A.R. AIR CONDITIONING, INC.; LINDA SCOGGINS; GREGORY ALLEN SCOGGINS; MARK WAYNE SCOGGINS; and, DOES 1 THROUGH 20<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; BREACH OF TRUST AGREEMENT; ; AND MULTIPLE VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) |

Plaintiffs, Board of Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and Board of Trustees of the International Training Fund ("International Training Fund") (collectively, the "Trust Funds") allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is based on Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(e)(1), which grants United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C.

1

§1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. §1132(f).

2. Jurisdiction is also based on Section 301(a) of the Labor Management Relations Act, 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the district courts original jurisdiction over suits for Violations of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the district in which the Trust Funds are administered, the signatory local unions maintain their offices, and where the relevant acts took place.

## PARTIES

### The Trust Funds

4. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C §186(c)(5). The National Pension Fund is an employee pension benefit plans as defined in Section 3(2) of ERISA, 29 U.S.C. §1002(2). The International Training Fund is an employee welfare benefit plans as defined in Section 3(1) of ERISA, 29 U.S.C. §1002(1). The Trust Funds are also multi employer plans as defined in Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A)

5. The Trust Funds were created pursuant to separate agreements and declarations of trust ("Trust Agreements") executed and maintained pursuant to collective bargaining agreements between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, AFL-CIO, Local No. 250 ("Local 250"), and employers and employer associations in Southern California's air conditioning and refrigeration industry, an industry affecting commerce.

6. The Trust Funds are funded by contributions from employers who are bound to these collective bargaining agreements.

7. The Trust Funds are administered by Boards of Trustees, whose members are the plaintiffs herein and are "fiduciaries" with respect to the Trust Funds within the meaning of Section 3(21)(A) of ERISA. 29 U.S.C. §1002(21)(A)

8. The administrative offices of the Trust Funds are located at 103 Oronoco Street. Alexandria, VA 22134.

## Corporate Defendants

9. Defendant A.R. AIR CONDITIONING, INC. is a corporation organized and existing under the laws of the State of California, and a contractor licensed as such by the State of California. A.R. AIR CONDITIONING, INC. is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and within the meaning of Section 501(3) of the LMRA, 29 U.S.C. §142(3), and is engaged in commerce in an industry or activity affecting commerce within the meaning of Section 3(11) and (12) of ERISA, 29 U.S.C. §1002(11) and (12), and within the meaning of Section 501(1) of the LMRA, 29 U.S.C. §142(1). A.R. AIR CONDITIONING, INC. maintains its principal place of business at 657 Hunters Trail, Glendora, California 91773 within the jurisdiction of this Court.

10. At all times material herein A.R. AIR CONDITIONING, INC. has been bound to written collective bargaining agreements between Local No. 250 and the Air Conditioning and Refrigeration Contractors of America / Mechanical Contractors of America (ARCA/MCA) hereinafter referred to as the "bargaining Agreement".

11. The Bargaining Agreement covers employees in units appropriate for collective bargaining who perform service and/or construction and construction-related work in the air conditioning and refrigeration industry. The Bargaining Agreement fully incorporates the Trust Agreement for the Trust Funds, which are and have at all times material herein been third-party beneficiaries of the Bargaining Agreement.

## The Individual Defendants

12. Plaintiffs are informed and believe, and thereon allege, that defendants LINDA SCOGGINS, GREGORY ALLEN SCOGGINS and MARK WAYNE SCOGGINS are officers, directors, controlling shareholders and beneficial owners of A.R. AIR CONDITIONING, INC. and reside within the Central District.

13. Plaintiffs are informed and believe, and thereon allege, that the Individual Defendants are responsible for running the day-to-day operations of A.R. AIR CONDITIONING, INC. and are responsible for all decisions as to the payment of contributions to the Trust Funds.

14. Specifically, the Trust Funds are informed and believe and thereon allege, that the Individual Defendants acted on behalf of and in the interest of A.R. AIR CONDITIONING, INC. in all aspects of labor relations and in its dealings and relations with the Trust Funds, including but not limited to determining which employees A.R. AIR CONDITIONING, INC. would report to the Trust Funds, the number of hours upon which contributions would be reported as owing, and the amount of contributions that would be paid. The Individual Defendants authorized and made payments of employee benefit plan contributions from A.R. AIR CONDITIONING, INC. to the Trust Funds.

15. The Individual Defendants are the employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in Section 501(1) and (3) of the LMRA, 29 U.S.C. §142(1) and (3), and within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), or the agent acting in the interest of such an employer as defined in Section 501(3) of the LMRA, 29 U.S.C. §142(3). The Individual Defendants are also an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) and is thus obligated to make contributions to a multi employer plan" within the meaning of 29 U.S.C. §1145.

16. The Trust Funds are informed and believe, and thereon allege, that the Individual Defendants are the alter ego of A.R. AIR CONDITIONING, INC. based upon the following: (a) the Individual Defendants have failed to show proper respect to the separate identity of A.R. AIR CONDITIONING, INC.; (b) the Individual Defendants have

demonstrated fraudulent intent with respect to A.R. AIR CONDITIONING, INC. either at the time of their formation by, among other things, failing to adequately capitalize A.R. AIR CONDITIONING, INC., or, subsequent to its formation, by abusing its corporate form; (c) the purposes of ERISA and the LMRA will be frustrated if the fiction of the separateness between A.R. AIR CONDITIONING, INC. and the Individual Defendants is recognized and perpetuated and (d) recognition of the corporate entity would result in substantial injustice to the Trust Funds because, without employer contributions, the Trust Funds will be inadequately funded, and will be unable to meet their obligations to participaing employees who have contributed to the Trust Funds over the years

17. The Trust Funds are informed and believe, and thereon allege, that at all relevant times the Individual Defendants have been qualifying individuals for state licensing and bond purposes, and responsible managing officers of A.R. AIR CONDITIONING, INC.

18. The Trust Funds are informed and believe, and thereon allege, that at all relevant times the Individual Defendants were a partner, joint venturer, actual and ostensible agent, and representative of A.R. AIR CONDITIONING, INC. and, in doing the acts alleged, were acting on behalf of such partnership and joint venture, and within the course and scope, and the apparent course and scope, of such agency and representation and on behalf of such partnership and joint venture.

## THE OBLIGATION TO REPORT AND CONTRIBUTE

19. Air conditioning and refrigeration contractors like A.R. AIR CONDITIONING, INC. employ air conditioning and refrigeration employees to install and service air conditioning and other systems. The Bargaining Agreement sets forth the terms and conditions of employment for persons who perform such work in the air conditioning and refrigeration industry. Such persons form a unit appropriate for bargaining and are "covered employees."

20. Under the Bargaining Agreement and the Trust Agreements of the Trust

Funds, an employer is required to furnish a combined monthly contribution report setting forth the identities and social security numbers of its covered employees, the hours worked by such covered employees, and the total amount of contributions owing to the Trust Funds on behalf of such covered employees. The employer's monthly contributions to the Trust Funds are calculated by determining the total number of hours worked by each covered employee, and multiplying all such hours by the prescribed hourly contribution rates set forth in the Bargaining Agreement. Such contributions are due by the tenth day of the month following the month worked and become delinquent if not paid by the fifteenth day of such month.

21. The Bargaining Agreement, Trust Agreement and/or written policy of the Trust Funds provide that an employer shall be liable to the Trust Funds for interest of 12% on unpaid contributions.

22.. Pursuant to ARTICLE VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be obligated to pay liquidated damages in the amount of 10% of the amount due plus interest of 12% per annum.

23. Pursuant to ARTICLE VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, and at the discretion of the Trustees, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement within ten (10) calendar days of the due date shall be obligated to pay liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due plus interest of 12% per annum.

24. The Bargaining Agreement, Trust Agreement and/or written policy of the Trust Funds provide that an employer shall be liable to the Trust Funds for any costs incurred in, or relating to, the collection of any contributions and delinquency fees due the Trust Funds, including reasonable attorney's fees, court costs, interest, and other expenses incurred in the enforcement of collection.

25. Because contributing employers themselves calculate and prepare the monthly reports, the Trust Funds must rely upon the honesty of employers and their accuracy in reporting the hours worked and contributions owed on behalf of their covered employees.

26. The Bargaining Agreement, Trust Agreement and/or written policy of the Trust Funds states that unpaid contributions are vested assets of the Trust Fund on the day they become due or delinquent.

**THE FAILURE TO PROPERLY REPORT AND PAY CONTRIBUTIONS**

27. Plaintiffs are informed and believe, and thereon allege, that Defendants owe the PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND unpaid contributions for the work months of June 2015 through April 2016 in the amount of $4,586.55; liquidated damages for said months in the amount of $458.66; and interest for said months as of June 15, 2017 in the amount of $807.46. The total owed the PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND as of June 15, 2017 is therefore, $5,852.66.

28. Plaintiffs are informed and believe, and thereon allege, that Defendants owe the INTERNATIONAL TRAINING FUND unpaid contributions for the work months of July 2015 through April 2016 in the amount of $304.18; liquidated damages for said months in the amount of $60.84; and interest for said months as of June 15, 2017 in the amount of $53.48. The total owed the INTERNATIONAL TRAINING FUND as of June 15, 2017 is therefore, $418.50.

29. Defendants were given timely written notice of the above stated delinquencies, including demand for payment and intent to file suit, but has failed to pay the amounts demanded.

30. A.R. AIR CONDITIONING, INC. and the Individual Defendants are fully aware of the obligation to make contributions on behalf of covered work performed by employees of A.R. AIR CONDITIONING, INC. and the obligation to submit accurate remittance reports and submit to an audit, as set forth herein, and are equally aware of

their failure to make such contributions.

## FIRST CAUSE OF ACTION

### For Breach of Collective Bargaining Agreement

31. Plaintiffs allege, and incorporate herein by reference, each and every allegation set forth in paragraphs 1 through 30 above.

32. The failure of A.R. AIR CONDITIONING, INC. to pay contributions and other sums when due are violations of the Bargaining Agreement. As a direct result, A.R. AIR CONDITIONING, INC. has become indebted to the Trust Funds for contributions and other sums, and will become indebted to the Trust Funds for additional contributions and other sums as alleged above, and which will be established at trial or an earlier stage of the proceedings. The Individual Defendants, as an employer within the meaning of ERISA and LMRA, and also as the alter ego, partner, or joint venturer of A.R. AIR CONDITIONING, INC., are jointly and severally liable for such damages.

33. The Trust Funds are informed and believe, and thereon allege, that additional delinquencies have occurred both before and after the date of this complaint, and that such delinquencies are continuing. As a direct result, A.R. AIR CONDITIONING, INC. has become and will become indebted to the Trust Funds for additional contributions and other sums in an amount which will be established at trial or an earlier stage of the proceedings.

## SECOND CAUSE OF ACTION

### For Breach of Trust Agreement

34. Plaintiffs allege, and incorporate herein by reference, each and every allegation set forth in paragraphs 1 through 33 above.

35. The failure of A.R. AIR CONDITIONING, INC.,to pay such contributions and other sums to the Trust Funds on the dates on which such contributions and other sums were due are violations of the Trust Agreement. As a direct result, A.R. AIR CONDITIONING, INC., has become indebted to the Trust Funds for contributions and other sums, and will become indebted to the Trust Funds for additional contributions

and other sums which will be established at trial or an earlier stage of the proceedings.

36. The Individual Defendants as an employer within the meaning of ERISA and the LMRA, and also as the alter ego, partner or joint venturer of A.R. AIR CONDITIONING, INC., are jointly and severally liable.

## THIRDH CAUSE OF ACTION
## Damages for Alter Ego Violations
## Establishing Liability for Individual Defendants

37. Plaintiffs allege, and incorporate herein by reference, each and every allegation set forth in paragraphs 1 through 36 above.

38. Pursuant to the above alter ego violations, the Individual Defendants cannot take advantage of the corporate form and are therefore personally liable for all amounts owed to the Trust Funds pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

39. Because the Individual Defendants acted with malice, oppression and conscious disregard of the rights of the Trust Funds, the Trust Funds are entitled to and seek an award of punitive damages as an appropriate legal remedy available under Section 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E), in an amount deemed appropriate by the Court.

**WHEREFORE PLAINTIFFS PRAY FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:**

As to all Causes of Action:

1. For payment of delinquent contributions, liquidated damages, interest, audit fees and costs from Defendants for all months that Defendants are delinquent as of the time of trial, in an amount which is presently unknown to the Trust Funds, but which the Trust Funds will establish by proof.

2. For reasonable attorney's fees and costs of suit.

3. For prejudgment interest pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and post-judgment interest in accordance with the Bargaining Agreement,

the Trust Agreements and law, in an amount presently unknown to the Trust Funds, but which will be established at the time of trial.

    4. For such other and further relief as to this Court may deem proper.

Dated: June 15, 2017    Respectfully submitted,


    /S/ Jack R. Wilkerson
Jack R. Wilkerson
Attorney for Plaintiffs